UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OMAR GHASSAN,<br><br>                    Plaintiff,<br><br>          v.<br><br>JOSEPH R. BIDEN, *in his official capacity as President of the United States*, et al.,<br><br>                    Defendants. | Civil Action No. 22-cv-1575 (BAH)<br><br>Chief Judge Beryl A. Howell |

### MEMORANDUM AND ORDER

*Pro se* plaintiff Omar Ghassan filed suit against the President of the United States, Federal Bureau of Investigation Director Christopher A. Wray, Secretary of Homeland Security Alejandro N. Mayorkas, the Department of Homeland Security, the Department of Justice, the "FBI Director in the Las Vegas Office," and the Las Vegas Police Department on June 3, 2022, alleging that the defendants are perpetrating "war crimes" against him, his wife, and their four children through "highly sophisticated field murder" and "extrajudicial killing" techniques. Compl. at 1, 4, 6, 38, ECF No. 1.[1] According to the complaint, defendants are subjecting plaintiff and his family to this purportedly lethal harm as part of a government conspiracy targeting plaintiff for "unconstitutional" persecution by "dark killing agencies" within the United States and the State of Nevada. *Id.* at 26 (requesting Court to "stop the killing process . . . with chemicals injected into each and every bed in the house . . . and then micro weaponized drones which sprays [sic.] each and every corner in the house"); *id.* 29 (alleging plaintiff and his family have "been declared as enemies of the state or terrorists who should be eliminated including the

---

[1] Since paragraphs in the complaint are not consistently enumerated, references to the complaint instead reflect the pagination generated automatically by the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

1

little babies").[2]  Plaintiff requests as relief a "common law extraordinary writ" under the All Writs Act, 28 U.S.C. § 1651(a), to compel "defendants to stop any covert . . . action . . . to the end of eliminating . . . plaintiffs" because such actions are "in breach of the constitution [sic] in general." *Id.* at 7, 20, 43.  As explained below, this action must be dismissed *sua sponte* for lack of subject matter jurisdiction.

I.  DISCUSSION

Plaintiff's claims are subject to dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(1), on the grounds that they are fundamentally fanciful.  *See Roum v. Bush*, 461 F. Supp. 2d 40, 46-47 (D.D.C. 2006); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (providing that "[n]otwithstanding any filing fee . . . that may have been paid" a "court shall dismiss" a *pro se* complaint "at any time if the court determines that the action . . . is frivolous or malicious" or "fails to state a claim on which relief may be granted").  "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (citations omitted).  Complaints lack merit and are generally subject to dismissal under Rule 12(b)(1) when they transcend characterization as "doubtful or questionable" and are "essentially fictitious." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (citations omitted).  Such complaints often allege "bizarre conspiracy theories" or "fantastic government manipulations." *Id.* at 330-31; *see Gbedemah v. CIA*, No. 21-cv-438 (DLF), 2022 WL 855020, at *2 (D.D.C. Mar. 17, 2022) ("[A] court can invoke Rule 12(b)(1) to dismiss a plaintiff's complaint that is 'patently insubstantial,

---

[2]  On April 21, 2022, another Judge on this Court dismissed, without prejudice, an identical complaint filed earlier by plaintiff for failure to complete timely service. *See Ghassan v. Biden*, No. 21-cv-3252 (FYP), Order, ECF No. 16 (D.D.C. April 21, 2022).

2

presenting no federal question suitable for decision.'" (quoting *Walsh v. Comey,* 118 F. Supp. 3d 22, 25 (D.D.C. 2015)). That is precisely the nature of plaintiff's allegations here.

In a 47-page complaint accompanied by 157 pages of exhibits, plaintiff claims, *inter alia*, that, in the government's pursuit of a "Mafia style murder" campaign, he and his family have been "attacked daily with unknown chemicals through drones and other ways," including phone calls that transmit electrical shocks; "micro drones which . . . implant into the body of the plaintiff;" poison that is dispersed through the air conditioning in plaintiff's car; and nuclear dust that is regularly sprayed in the family's beds. Compl. at 6, 15, 20, 34, 42. Plaintiff asserts, in digressive fashion, myriad other claims of a similar nature that are "conclusory and too lengthy to recount." *Gbedemah*, 2022 WL 855020, at *1 (quoting *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 228 (D.D.C. 2007)).

Notwithstanding that *pro se* complaints, "however inartfully pleaded," are held to less stringent standards than those applied to lawyer-drafted pleadings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), plaintiff's complaint is replete with allegations so unrealistic and unsalvageable that they deprive this Court of subject matter jurisdiction and thus require dismissal under Rule 12(b)(1). Indeed, complaints presenting similar allegations of government conspiracy and manipulation are regularly dismissed in this Court on this basis. *See, e.g.*, *Montgomery v. Comey*, 752 Fed. App'x 3, 4 (D.C. Cir. 2019) (per curiam) (affirming dismissal of claim for lack of subject matter jurisdiction where plaintiff alleged that government defendants had "repeatedly hacked his cellphone and installed malware"); *Big Sky Civil Trust v. United States*, 21-cv-1282 (TJK), 2022 WL 1471423, at *2 (D.D.C. May 10, 2022) (dismissing under Rule 12(b)(1) complaint alleging, *inter alia*, that government defendants committed "attempted murder and terrorism on a US citizen"); *Lopez-Pena v. Garland*, No. 20-1889 (RDM), 2021 WL 2188127, at

\*4 (D.D.C. May 28, 2021) (dismissing "undecipherable and frivolous" complaint for lack of subject matter jurisdiction where plaintiff asserted that "prosecutors should indict every judge . . . for unspecified but purportedly unlawful conduct"); *Roum*, 461 F. Supp. 2d at 46-47 (dismissing complaint for lack of jurisdiction where plaintiff alleged, *inter alia*, that the FBI began attacking him with lasers and radiation as a result of a dispute between the plaintiff and an insurance company regarding an auto collision)

    A motion for preliminary injunction that plaintiff filed concurrently with his complaint fares no better in assisting the Court to identify any cognizable claim for relief. *See* Pl.'s Mot. Prelim. Inj. ("Pl.'s Mot."), ECF No. 2. The sparse, six-sentence-long motion, which is not accompanied by a supporting memorandum, fails to request any concrete relief and does not describe any activity that plaintiff seeks to enjoin, barring only generalized invocations of defendants' "killing mission" and use of "microwave radiation." *Id.* at 2-3; *see Torjman v. FBI.*, No. 10-1031-JDB, 2010 WL 2541095, at \*1 (D.D.C. June 21, 2010) (dismissing request for injunctive relief against federal agencies because complaint alleged "fantastic [and] delusional scenarios," including "mind control"); *cf. Foster v. U.S. Dep't of Justice*, No. 21-cv-2273-RCL, Mem. Order at 2, ECF No. 20 (D.D.C. June 21, 2022) (dismissing complaint where plaintiff failed to "tie his allegations . . . to an actual claim against any one of the defendants . . . [,] let alone one that entitles him to relief").

## II.   CONCLUSION AND ORDER

    For the foregoing reasons, the Court is unable to ascertain any claim in plaintiff's complaint that is "not absolutely devoid of merit," *Hagans*, 415 U.S. at 536, and it is hereby

    **ORDERED** that plaintiff's complaint is **DISMISSED** for lack of jurisdiction; and it is further

**ORDERED** that plaintiff's motion for preliminary injunction, ECF No. 2, is **DENIED AS MOOT**; and it is further

**ORDERED** that the Clerk of Court shall close this case.

**SO ORDERED.**

Date:  June 24, 2022

                                                                                            _____

                                                                                            BERYL A. HOWELL  
                                                                                            Chief Judge